**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TIMOTHY L. JUNO,** )<br>)<br>           **Plaintiff,** )<br>)<br>v. )<br>)<br>**THE BURLINGTON NORTHERN &** )<br>**SANTA FE RAILWAY COMPANY,** )<br>)<br>           **Defendant.** )<br>_____) | **Case No. 11-2153-CM** |

## MEMORANDUM AND ORDER

Plaintiff Timothy L. Juno had a grand mal seizure in July 2009—losing consciousness and not regaining it until after being placed in an ambulance. At the time of the seizure, plaintiff was driving a company vehicle for his employer, defendant The Burlington Northern & Santa Fe Railway Company ("BNSF"). No one was injured, but both plaintiff's doctor and defendant gave him driving restrictions after the incident. The dispute in this case centers on the duration of those restrictions and their impact on plaintiff's employment.

Plaintiff claims that defendant violated federal and Kansas law when it took actions against him based on his epilepsy. Specifically, plaintiff makes the following claims: (1) disability discrimination and harassment in violation of the Americans with Disabilities Act and its 2008 amendments ("ADA") and the Kansas Act Against Discrimination ("KAAD"); (2) unlawful retaliation under the ADA and KAAD for requesting an accommodation; and (3) interference under the Family and Medical Leave Act ("FMLA"). Defendant moved for summary judgment on all of plaintiff's claims (Doc. 47).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The court has reviewed the briefs, the governing law, and the evidence submitted. This is not a case that can be fully resolved by summary judgment. There are some issues that present a relatively close question for the court. But there are other issues whose resolution depends on factual disputes that a jury must resolve. The evidence supporting each of the claims overlaps, and the court determines that presenting all of the claims to a jury is the most efficient and effective way to handle the case. Viewing the evidence in the light most favorable to plaintiff, the court denies summary judgment on all of plaintiff's claims.

**IT IS THEREFORE ORDERED** that defendant BNSF Railway Company's Motion for Summary Judgment (Doc. 47) is denied.

Dated this 29th day of January, 2015, at Kansas City, Kansas.

       s/ Carlos Murguia
       **CARLOS MURGUIA**
       **United States District Judge**